UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KEMBERELY CHAUDHRY, | ) | |
| | ) | |
| Plaintiff, | ) | 1:21-00160 |
| | ) | |
| vs. | ) | |
| | ) | |
| EZ SCREEN SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant EZ Screen Solutions, LLC (hereafter "EZ Screen"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. Defendant EZ Screen is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as EZ Screen.

1

This action involves Defendant EZ Screen's systematic violation of several of those important rules.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Kemberely Chaudhry is an adult individual who resides in the State of Indiana.

7. Defendant EZ Screen Solutions, LLC ("EZ Screen") is a consumer reporting agency that regularly conducts business in the Southern District of Indiana, and which has a principal place of business located at 5994 S Holly Street Suite #151 Greenwood Village, CO 80111.

## FACTUAL ALLEGATIONS

8. In or around April 5, 2021, Plaintiff applied for a position with Omni Interactions, Inc. ("Omni").

9. As part of her job application, Plaintiff signed documents purportedly authorizing Omni to obtain a consumer report(s) for employment purposes.

10. Omni requested a consumer report(s) from EZ Screen, and EZ Screen sold to Omni a consumer report(s) concerning the Plaintiff on or around April 5, 2021.

11. The report(s) furnished by EZ Screen were for employment purposes.

12. The consumer report(s) contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Omni.

13. Defendant EZ Screen has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties.

14. The inaccurate information includes, but is not limited to, a felony charge which was plead to a misdemeanor and the Judgment of a misdemeanor was entered by the Court. EZ Screen falsely reported this criminal history about Plaintiff (herein after the "inaccurate information").

15. The inaccurate information grossly disparages the Plaintiff and portrays her as being a convicted felon, which she is not. There is perhaps no greater error that a consumer reporting agency can make.

16. In creating and furnishing the Plaintiff's consumer report(s), Defendant failed to follow reasonable procedures to update its public record information about Plaintiff to know that the felony was only a misdemeanor. Any rudimentary inspection of the public records would reveal these inaccuracies. Defendants failed to employ such a procedure.

17. Defendant has sold report(s) containing the inaccurate information to third parties since at least April 2021.

18. Plaintiff was subsequently denied employment at Omni and Plaintiff was informed by Omni that the basis for this denial was the inaccurate criminal information that appears on Plaintiff's EZ Screen consumer report and that the inaccurate information was a substantial factor for the denial.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

20.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

21.     At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**COUNT I**
**PLAINTIFF v. EZ SCREEN**
**VIOLATIONS OF THE FCRA**

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

24.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25.     At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

27.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory,

actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

28.  Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**KEMBERELY CHAUDHRY**

By: s/Larry P. Smith
Attorney for Plaintiff

Dated: April 27, 2021

Larry P. Smith (Atty. No.: 6217162)
SMITH MARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com

Alexis I. Lehmann, Esq.
(*pro hac vice* motion forthcoming)
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, suite 2510
Philadelphia, PA 19103

P: (215) 735-8600
F: (215) 940-8000
alehmann@consumerlawfirm.com

*Attorneys for Plaintiff*